IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS TRIPLETT, | ) |
| | ) |
| Plaintiff, | ) |
| | )   JURY TRIAL DEMANDED |
| v. | ) |
| | ) |
| GLOBAL CREDIT & COLLECTION CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, THOMAS TRIPLETT, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, GLOBAL CREDIT & COLLECTION CORPORATION, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. THOMAS TRIPLETT, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Rolla, County of Phelps, State of Missouri.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Capital One Services, LLC (hereinafter "Capital One").

1

6. The debt that Plaintiff allegedly owed Capital One was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. GLOBAL CREDIT & COLLECTION CORPORATION, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri. Defendant is incorporated in the State of New York.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    ALLEGATIONS

14.    In or around January 2011 through in or around March 2011, and on multiple occasions therein, Defendant initiated telephone calls to Plaintiff in an attempt to collect a debt he allegedly owed to Capital One.

15.    In February 2011 through March 2011, and on multiple occasions therein, Defendant initiated more than one (1) telephone call to Plaintiff in a single day.

16.    In February 2011, and on multiple occasions therein, Defendant initiated more than two (2) telephone calls to Plaintiff in a single day.

17.    During the aforesaid time period, and on multiple occasions therein, Plaintiff answered the aforementioned telephone calls.

18.    During the aforesaid time period, and on multiple occasions therein, when Plaintiff answered the aforementioned telephone calls Defendant would either place Plaintiff on hold or request that Plaintiff press a telephone number to speak to a representative.

19.    During the aforesaid time period, and on multiple occasions therein, after Plaintiff was placed on hold or after Plaintiff pressed the telephone number that was requested of him then a duly authorized representative of Defendant would speak to Plaintiff.

20.    During the aforesaid time period, and on multiple occasions therein, Defendant's duly authorized representatives would ask Plaintiff "[h]ow can I help you?"

21.    On multiple occasions, during the aforesaid time period, Plaintiff informed Defendant that it was Defendant who had initiated a telephone call to Plaintiff and that Plaintiff did not seek help from Defendant.

22. During the course of Defendant's telephone communications with Plaintiff, on multiple occasions, Plaintiff informed Defendant that its telephone calls initiated to Plaintiff were harassing.

23. On multiple occasions, during the aforesaid time period, Plaintiff informed Defendant that he was represented by an attorney with respect to the debt on which Defendant was attempting to collect.

24. During the aforesaid time period, on multiple occasions, Plaintiff provided Defendant with his then attorney's name.

25. During the aforesaid time period, on multiple occasions, Plaintiff provided Defendant with his then attorney's contact information.

26. During the course of Defendant's telephone communications with Plaintiff, on multiple occasions, Plaintiff stated that he wanted Defendant stop contacting him and to instead contact his attorney as Defendant's telephone calls were harassing him.

27. At no time did Plaintiff's then counsel failed to respond to a communication from Defendant.

28. At no time did Plaintiff's then counsel consent to Defendant having direct communication with Plaintiff.

29. Despite being advised, on multiple occasions, that Plaintiff was represented by an attorney, from February 2011 through March 2011, Defendant contacted Plaintiff, on multiple occasions, in a further attempt to collect on the debt he allegedly owed.

30. On or about March 1, 2011, Plaintiff's counsel sent a correspondence to Defendant.

31. Upon information and belief, Defendant received the aforesaid correspondence.

32. The aforesaid correspondence advised Defendant that Plaintiff was represented by an attorney with respect the debt on which Defendant was attempting to collect.

33. The aforesaid correspondence provided Defendant with Plaintiff's counsel's name.

34. The aforesaid correspondence provided Defendant with Plaintiff's counsel's contact details.

35. Despite being advised, via written correspondence, that Plaintiff was represented by an attorney, in March 2011, Defendant continued to contact Plaintiff in a further attempt to collect on the debt he allegedly owed.

36. At no time has Plaintiff's counsel failed to respond to a communication from Defendant.

37. Plaintiff's counsel did not consent to Defendant having direct communication with Plaintiff.

38. In its attempts to collect the debt allegedly owed by Plaintiff to Capital One, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

   b. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

   c. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    d. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

    e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

39. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.    JURY DEMAND

40. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, THOMAS TRIPLETT, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

    Respectfully submitted,
**THOMAS TRIPLETT**

By:   s/ David M. Marco
    Attorney for Plaintiff

Dated: April 19, 2011

David M. Marco (Atty. No.: 6273315IL)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us